**WO**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick Dooley Harding, | No. CV-16-00419-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Patrick Harding's Motion for Attorney Fees and Costs Under the Equal Access to Justice Act ("Motion"), (Doc. 20). Plaintiff has also filed a Memorandum in Support of Motion for Attorney Fees ("Memorandum"), (Doc. 21). After reviewing the Commissioner of Social Security Administration's (the "Commissioner's") Response, (Doc. 22), and Plaintiff's Reply, (Doc. 23), the Court grants in-part and denies in-part Plaintiff's Motion.

**I.    Background**

Plaintiff originally filed an application for a period of disability, disability insurance benefits, and Supplemental Security Income ("SSI") before the Social Security Administration. (Doc. 21 at 2). Plaintiff's application was denied by an Administrative Law Judge ("ALJ"). (*Id.*). The Social Security Appeals Council denied Plaintiff's request for review. (*Id.*). Plaintiff filed an appeal before this Court and counsel filed a complaint on February 15, 2016. (Doc. 1). Plaintiff and counsel entered into a fee agreement for counsel's work before the Court. (Doc. 21-3 at 2).

On November 9, 2016, the Court vacated the Commissioner's decision and remanded Plaintiff's claim for further proceedings. (Doc. 18). On February 8, 2017 Plaintiff filed the pending Motion. (Doc. 20).

## II. Legal Standard

The United States Court of Appeals for the Ninth Circuit has succinctly stated the legal standard for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA") as follows:

> EAJA provides that a court shall award to a prevailing party other than the United States fees and other expenses incurred by that party in any civil action unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. It is the government's burden to show that its position was substantially justified. Substantial justification means justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person. Put differently, the government's position must have a reasonable basis both in law and fact. The position of the United States includes both the government's litigation position and the underlying agency action giving rise to the civil action. Thus, if the government's underlying position was not substantially justified, we must award fees and need not address whether the government's litigation position was justified.

*Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014) (citations, quotation marks, and alterations omitted).

When awarding attorneys' fees under the EAJA, the court should reimburse the prevailing party only for those fees which are reasonably expended by that party's counsel. *See* 28 U.S.C. § 2412(d)(2)(A) (2012). The prevailing party bears the burden of proving the reasonableness of his request through sufficiently detailed accounts of hours expended on particular tasks so that the court can evaluate his application. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see Neil v. Comm'r of Soc. Sec.*, 495 F. App'x 845, 846 (9th Cir. 2012) ("A fee applicant should maintain billing records in a manner that enables a reviewing court to easily identify the hours reasonably

expended." (quotation marks omitted)). Generally, if the court reduces a fee application it must provide a reason; however, "a district court can impose a reduction of up to 10 percent—a 'haircut'—based purely on the exercise of its discretion and without more specific explanation." *Costa v. Comm'r of Soc. Sec.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

**III.    Analysis**

The Commissioner concedes that her position was not substantially justified. (*See* Doc. 22 at 2 ("As procedural errors by the [ALJ] below rendered the government's position not substantially justified, the Commissioner does not object to the motion for EAJA fees on this basis.")). Because the Commissioner concedes this point, the Court next determines the measure of reasonable attorney's fees to which Plaintiff is entitled under the EAJA.

Plaintiff originally requested $8,291.34 in attorneys' fees and costs for 30.5 hours of attorney time, 19.5 hours of paralegal time, and $470 in costs. (Doc. 21-2 at 2). Plaintiff seeks attorneys' fees at a rate of $190.28 per hour for work in 2015 and $192.68 per hour for work in 2016.[1] The Commissioner objects to the amount of fees and costs requested, and seeks reductions for (1) Plaintiff's counsels' *pro hac vice* fee; (2) Plaintiff's billing of clerical and secretarial tasks; (3) Plaintiff's quarter-hour increment billing; and (4) ten percent of the EAJA award. (Doc. 22 at 3–9); *see also Moreno*, 534 F.3d at 1112. In his Reply, Plaintiff concedes to certain reductions,[2] adds fees for litigating this Motion, and updates the requested amount to $8,801.21. (Doc. 23 at 2–5). The parties still dispute (1) reductions for three entries that were billed as quarter-hours; and (2) a reduction of ten-percent of all of Plaintiff's fees and costs.

///

---

[1] Plaintiff is entitled to the cost-of-living adjustment to the statutory hourly rate pursuant to the EAJA and *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005).

[2] Plaintiff conceded to reductions of $70 in costs for the *pro hac vice* fee, 1.5 paralegal hours for clerical and secretarial tasks, and 1.5 attorney hours for several quarter-hour billing entries and entries related to the *pro hac vice* application. (Doc. 23 at 3).

## A.    Reduction for Quarter-Hour Billing

The Commissioner argues that Plaintiff's quarter-hour billing increment overstated the number of hours worked. In the Response, the Commissioner references eight tasks that "could not have reasonably required fifteen minutes to complete."[3] (Doc. 22 at 5). Plaintiff concedes that five of the entries did not take fifteen minutes, but disputes three entries that "each took at least fifteen minutes to complete." (Doc. 23 at 2). In particular, Plaintiff contends that reviewing the Court's Judgment, the Court's scheduling order, and the complaint drafted by a paralegal each took fifteen minutes to complete. (*Id.*). The Court finds that each of the disputed entries reasonably took fifteen minutes to complete. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) ("The district court was in the best position to determine in the first instance whether counsel's practice of billing by the quarter-hour resulted in a request for compensation for hours not reasonably expended on the litigation.").

The Court rejects the Commissioner's argument that fifteen minutes to review the Court's order was overstated. Here, the Court's order vacating and remanding the decision of the ALJ was approximately 21 pages. (Doc. 18). This entry does not appear excessive. The Court will not reduce the attorneys' fees for reviewing the Court's order.

Next, the Court will not reduce the attorneys' fees for reviewing the scheduling order. (Doc. 6). Parties should carefully review such orders to ensure compliance with the Court's rules. The Court therefore will not deduct attorneys' fees for reviewing the scheduling order.

The Court will not reduce attorneys' fees for reviewing a complaint drafted by a paralegal. Counsel should carefully review such a complaint to ensure the procedural history and timeline presented to the Court is accurate. In particular, the complaint

---

[3] The Commissioner actually references nine tasks, but duplicates a task in the Response listed only once in Plaintiff's time sheet. (Doc. 21-4 at 2). The Response includes "emailing Plaintiff regarding two attorneys' *pro hac vice* applications" and "reviewing the email from the attorney admissions clerk regarding *pro hac vice* applications." (Doc. 22 at 5). Because Plaintiff did not bill twice for this task, the two points will be consolidated. The Court will consider the Commissioner as objecting to eight of the tasks in Plaintiff's time sheet.

includes five relevant dates, and specific details regarding the procedural history. The Court will not reduce attorneys' fees for review of the complaint drafted by the paralegal. Therefore, the Court agrees with Plaintiff's reduction of 1.5 attorneys' hours for items that were overstated by quarter-hour billing.

### B. Reduction of Ten Percent

The Commissioner seeks a reduction of the EAJA award by ten percent. (Doc. 22 at 9). Courts may impose a "reduction, no greater than 10 percent . . . without a more specific explanation." *Moreno*, 534 F.3d at 1112 (concluding that it could not sustain a reduction of 25 percent when the district court could not tell by cursory examination which hours were unnecessarily duplicative). Here, the Commissioner does not argue that the hours are duplicative and the Court does not find evidence to suggest that the hours are duplicative. Because Plaintiff conceded to, and the Court approved of, certain reductions in the amount of attorneys' fees with specific explanation, further reduction is not necessary. Therefore, the Court will not reduce the EAJA award by ten percent.

### C. Attorneys' Fees for Litigating the Pending Motion

Plaintiff, in the Reply, seeks an additional 4.25 attorney hours and 2 paralegal hours for time spent litigating the pending Motion. (Doc. 23 at 4). Plaintiff claims the paralegal spent 2 hours preparing, assembling, and drafting Plaintiff's Motion and Memorandum. (*Id.*). Plaintiff also claims the attorney spent 2.25 hours reviewing the Commissioner's Response and researching and outlining the Reply, and 2 hours drafting the Reply. (*Id.* at 3–4). Because the Commissioner's position was not substantially justified, Plaintiff is entitled to attorneys' fees for the pending litigation. *See Love v. Reilly*, 924 F.2d 1492, 1497 (9th Cir. 1991) ("[U]nder the EAJA, the prevailing party is automatically entitled to attorney's fees for any fee litigation once the district court has made a determination that the government's position was not substantially justified." (citing *Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 160–61 (1990))). The hours logged in relation with litigating attorneys' fees appear reasonable and not

duplicative. Therefore, Plaintiff is entitled to an additional 2 paralegal hours and 4.25 attorney hours, in the amount of $1,018.89. The Court therefore will award Plaintiff $8,801.21 in attorneys' fees under the EAJA.

## IV. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Attorney Fees and Costs Under the Equal Access to Justice Act, (Doc. 20), is GRANTED in the amount of $8,801.21. This award shall be payable directly to Plaintiff and is subject to offset to satisfy any preexisting debt that Plaintiff owes the United States pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 594 (2010).

Dated this 12th day of July, 2017.

James A. Teilborg
Senior United States District Judge